USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JAVEL TAYLOR,

              Defendant.

**MEMORANDUM
OPINION & ORDER**

11 Cr. 310 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        After a three-day trial, a jury convicted Defendant Javel Taylor of (1) conspiring to distribute, and possess with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 846; and (2) distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). (Dec. 1, 2011 Trial Transcript 374) Taylor moved for a judgment of acquittal on the conspiracy count, pursuant to Fed. R. Crim. P. 29(c), and for a new trial on the substantive count, pursuant to Fed. R. Crim. P. 33. (Dkt. No. 48) In a June 6, 2012 order, this Court denied Taylor's motion in its entirety. (Dkt. No. 59)

        In preparation for sentencing, Taylor asks the Court to rule that (1) he is not a career offender under the U.S.S.G. § 4B1.1; or (2) if he is a career offender under this provision, it is unconstitutional as applied to him. (June 25, 2012 Def. Sent. Br. 1-3)

        The Court concludes that Taylor's criminal record qualifies him for treatment as a career offender under U.S.S.G. § 4B1.1 and that application of the career offender provision to Taylor is not unconstitutional.[1]

---

[1] Taylor also argues that he is entitled to a downward departure under the Guidelines or a variance from the range recommended under the Guidelines. (Id.) These arguments will be addressed at sentencing.

## BACKGROUND

Taylor has four prior convictions – three felonies and one misdemeanor – all drug related. (PSR ¶¶ 29-35; June 25, 2012 Def. Sent. Br. at 10, Ex. 1) The Probation Department determined that two of the Defendant's prior felony convictions, discussed below, qualify him for career offender treatment under the Sentencing Guidelines. (Id. at ¶ 38)

On July 10, 2006, Taylor pleaded guilty to criminal sale of a controlled substance in the fourth degree, in violation of New York Penal Law § 220.34(1). (June 25, 2012 Def. Sent. Br., Ex. 1 at JT-000010; PSR ¶ 31) Section 220.34(1) states that "[a] person is guilty of criminal sale of a controlled substance in the fourth degree when he knowingly and unlawfully sells: 1. a narcotic preparation. . . ." Penal Law, § 220.34(1). Taylor – then 19 years old – received a sentence of five years' probation. (PSR ¶ 31)

On December 13, 2007, Taylor pleaded guilty to criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16(1). (June 25, 2012 Def. Sent. Br., Ex. 1 at JT-000008, PSR ¶ 33) Section 220.16(1) states that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses: 1. a narcotic drug with intent to sell it. . . ." Penal Law, § 220.16(1). Taylor was sentenced to 42 months' imprisonment on December 13, 2007. (PSR ¶ 33)

As a result of the Probation Department's determination that Taylor is a career offender under the Sentencing Guidelines, the PSR places him in criminal history category VI. (Id. ¶ 38) As a career offender, pursuant to U.S.S.G. § 4B1.1(b)(2), Taylor's base offense level

is 34.[2] (Id. ¶ 25) For defendants with an offense level of 34 and a criminal history category of VI, the Guidelines recommend a sentence of 262 to 327 months imprisonment. (Id. ¶ 80)

Absent career offender treatment, Taylor's eight criminal history points would place him in Criminal History Category IV. (Id. ¶ 37) Because Taylor's crimes involve less than 1.4 grams of crack cocaine, his offense level would be 12. U.S.S.G. §2D1.1(c)(14); see also PSR ¶ 17. Offense level 12 at Criminal History Category IV yields a recommended Guidelines sentence of 21 to 27 months' imprisonment.

As noted above, Taylor now seeks a ruling that he is not a career offender under U.S.S.G. § 4B1.1. In the alternative, Taylor argues that the career offender provision is unconstitutional as applied to him. (June 25, 2012 Def. Sent Br. at 1-3)

## DISCUSSION

### I. TAYLOR IS A CAREER OFFENDER UNDER THE SENTENCING GUIDELINES

Taylor argues that "the record fails to establish conclusively that one of his New York State convictions the PSR uses to designate him a Career Offender was a qualifying offense." (Id. at 1) As discussed below, the Probation Department properly concluded that Taylor's criminal record includes two "controlled substance offense[s]" within the meaning of the career offender provision, U.S.S.G. § 4B1.1.

---

[2] Because the government filed a prior felony information against Taylor (Dkt. No. 32), the statutory maximum term of imprisonment for each of the charges against him – ordinarily 20 years – increased to 30 years. 21 U.S.C. §§ 841(b)(1)(C), 851. U.S.S.G. § 4B1.1(b) provides that the offense level for a career offender who has committed an offense with a maximum of 25 years or more imprisonment (but less than life imprisonment) is 34. U.S.S.G. § 4B1.1(b).

3

A. **Applicable Law**

A career offender designation requires, inter alia, that "the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense."[3] U.S.S.G. 4B1.1(a)(3). The Guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The Second Circuit has instructed that district courts, in determining whether a defendant's prior conviction qualifies as a controlled substance offense, conduct "a two-step 'modified categorical approach.'"[4] United States v. Reyes, 691 F.3d 453, 458 (2d Cir. 2012) (citing United States v. Walker, 595 F.3d 441, 443 (2d Cir. 2010); United States v. Savage, 542 F.3d 959, 964 (2d Cir. 2008)). "The first step requires the court to determine 'whether the statute of the prior conviction criminalizes conduct that falls exclusively' within the Guidelines' definition of [a controlled substance offense]." Reyes, 691 F.3d at 458 (quoting Savage, 542 F.3d at 964). "If so, the inquiry ends. But if the statute of conviction also criminalizes conduct

---

[3] The career offender provision also requires that "the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction," and that "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." § 4B1.1(a)(1)-(2). Taylor does not dispute these two prerequisites for career offender treatment. (June 25, 2012 Def. Sent. Br. at 10 n.5)

[4] "Under the categorical approach [for federal sentence enhancement], '[judges] consider the offense generically, that is to say, [they] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion,' Begay v. United States, 553 U.S. 137, 141 (2008), whereas under the modified categorical approach [judges] may consider facts underlying the prior conviction if they are based upon 'adequate judicial record evidence' . . . . Shepard v. United States, 544 U.S. 13, 16, 20 (2005)." United States v. Beardsley, 691 F.3d 252, 259 (2d Cir. 2012).

4

that does not fall within the Guidelines' definition of a [controlled substance offense], the government must demonstrate that the conviction 'necessarily' rested on facts identifying the conviction as one for a [controlled substance offense]." Reyes, 691 F.3d at 458 (quoting Walker, 595 F.3d at 444).

"When a court is required to look beyond the statutory definition of a prior offense to determine whether it constitutes a [controlled substance offense], its inquiry is circumscribed." Reyes, 691 F.3d at 458. A court may look to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). "[T]he critical issue is whether the judicial record of the defendant's prior conviction establishes that his guilty plea 'necessarily admitted elements of the [predicate] offense.'" United States v. Baker, 665 F.3d 51, 56 (2d Cir. 2012) (quoting Shepard, 544 U.S. at 26).

B. **Analysis**

1. **Taylor's July 2006 Conviction**

In his June 25, 2012 sentencing submission, Taylor states that "[i]t is not disputed that [his] July 10, 2006, conviction constitutes a 'controlled substance offense' for Guidelines purposes." (June 25, 2012 Def. Sent. Br. at 10) The Court has nonetheless conducted an independent analysis of this prior conviction to confirm that it may serve as a predicate offense for purposes of the career offender provision. See Reyes, 691 F.3d at 459.

It is undisputed that the "statute of conviction" for Taylor's July 10, 2006 offense is New York Penal Law § 220.34, Criminal Sale of a Controlled Substance in the Fourth Degree. (June 25, 2012 Def. Sent. Br., Ex. 1 at JT-000010; PSR ¶ 31; Nov. 28, 2012 Govt. Ltr., Ex. A

5

(Certificate of Disposition)) This crime is a class C felony under New York law. Penal Law, § 220.34. Taylor's rap sheet and the New York State Certificate of Disposition indicate that he pleaded guilty to a violation of subsection 1 of Section 220.34, which states that "[a] person is guilty of criminal sale of a controlled substance in the fourth degree when he knowingly and unlawfully sells: 1. a narcotic preparation. . . ." Penal Law, § 220.34. While the rap sheet and Certificate of Disposition cite to subsection 1 of Section 220.34, all subsections of this statute require a sale. (Id.) Because the statute of conviction – Section 220.34 – "'criminalizes conduct that falls exclusively' within the Guidelines' definition of a [controlled substance offense]," Reyes, 691 F.3d at 458 (quoting Savage, 542 F.3d at 964), this Court's inquiry ends at the first step of the "modified categorical approach." Taylor's July 2006 conviction will be counted in determining whether he should be classified as a career offender under the Guidelines.

### 2. Taylor's December 2007 Conviction

On August 25, 2006, a New York County grand jury returned a three count indictment against Taylor charging him, in Count One with Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.16(1); in Count Two with Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.06(5); and in Count Three with Resisting Arrest, in violation of New York Penal Law § 205.30. (June 25, 2012 Def. Sent. Br., Ex. 2)

On December 13, 2007, Taylor pleaded guilty to Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.16(1), in full satisfaction of the indictment. (Govt. Sent. Br., Ex. A (Certificate of Disposition); June 25, 2012 Def. Sent. Br., Ex. 1 at JT-000008; PSR ¶ 33) Criminal Possession of a Controlled Substance in the Third Degree is a class B felony. Penal Law, § 220.16.

6

Taylor argues that the record is not clear as to which subsection of Section 220.16 he pleaded guilty to, and that because certain subsections of Section 220.16 do not require an intent to sell (see Penal Law, § 220.16(8)-(13)), the Government has not established that this offense constitutes a "controlled substance offense" within the meaning of the career offender provision. (June 25, 2012 Def. Sent. Br. at 11) The Government has submitted a New York State Certificate of Disposition concerning this conviction, however, which states that Taylor pled guilty to "Criminal Possession of a Controlled Substance 3rd Degree PL 220.16 01." (Govt. Sent. Br., Ex. A) As noted above, Subsection 1 of Penal Law 220.16 makes it unlawful to possess "a narcotic drug with intent to sell it." Penal Law, § 220.16(1).

The Second Circuit has stated that it "regard[s] a New York State Certificate of Disposition as the type of judicial record that the Shepard Court indicated a federal district court may consider in an effort to determine the nature of the New York offense to which a federal defendant has previously pleaded guilty." United States v. Green, 480 F.3d 627, 633 (2d Cir. 2007); see also id. at 632 ("In New York, a Certificate of Disposition is a judicial record of the offense of which a defendant has been convicted.").[5]

The Court's inquiry does not end there, however. "While a Certificate of Disposition constitutes 'presumptive evidence of the facts stated in such certificate,' the presumption is rebuttable; the certificate is not conclusive." Id. at 634 (quoting N.Y. Crim. Proc.

---

[5] Taylor does not address Green, but he argues that Beardsley, 2012 WL 3641933 (2d Cir. Aug. 27, 2012) makes clear that certificates of disposition cannot be relied on, because that case references only """the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented."""" (Sept. 4, 2012 Def. Reply at 4 (quoting Beardsley, 2012 WL 3641933, *5 (quoting Shepard, 544 U.S. at 20))) Beardsley does not address Green, and this Court finds nothing in Beardsley suggesting that the court intended to overrule Green's holding that "a federal court may . . . properly look to [a certificate of disposition] in order to determine the nature of the offense of which a defendant has been previously convicted." Green, 480 F.3d at 632.

7

Law § 60.60(1) (emphasis added in quotation)). Here, Taylor has not offered any evidence or argument that rebuts the "presumptive evidence of the facts stated in [the] certificate [of disposition]" or that "seriously calls the accuracy of the Certificate of Disposition into question." Id. at 634-35. Instead, he simply contends that the Court may not rely on a certificate of disposition to determine the nature of his prior conviction. (See Sept. 4, 2012 Def. Reply at 4) This argument is not tenable in light of Green.

In any event, given that (1) Taylor concedes that he pled guilty to violating Penal Law § 220.16 (June 25, 2012 Def. Sent. Br. at 11 ("The statute underlying Mr. Taylor's December 13, 2007, conviction, and to which he pleaded guilty, N.Y.P.L. §220.16, criminal possession of a controlled substance in the 3rd degree, contains 13 subsections.")), and (2) the only Section 220.16 charge in the indictment is for a violation of Section 220.16(1) (see id., Ex. 2), the Court may conclude that Taylor pleaded guilty to violating this specific subsection. See United States v. King, 325 F.3d 110, 114 (2d Cir. 2003) ("In light of the facts that the certificate of King's conviction shows his plea of guilty to attempted possession in the third degree, that only one count of the indictment charged King with possession in the third degree, and that that count cited subsection (1) of § 220.16, we conclude that King's conviction was properly interpreted as one for attempt to violate 220.16(1)."); United States v. Brown, 97 F. App'x 348, 349-50 (2d Cir. 2004) ("Given that Brown admits to having pleaded guilty to violating § 220.16, and that the only § 220.16 charge in the indictment involved an intent to distribute, the district court did not err in concluding that Brown's prior conviction was a 'drug trafficking offense.'").

8

In sum, the certificate of disposition and the indictment – corroborated by Taylor's rap sheet (June 25, 2012 Def. Sent. Br., Ex. 1 at JT-000008)[6] – make clear that Taylor pled guilty to a violation of Penal Law § 220.16(1), which constitutes a "controlled substance offense" for purposes of the career offender provision.[7]

Because Taylor incurred two felony convictions for "controlled substance offense[s]" before committing the instant felony controlled substance offenses, and because he was over the age of eighteen when he committed the instant offenses, he is a career offender under U.S.S.G. § 4B1.1.

## II. THE CAREER OFFENDER PROVISION IS NOT UNCONSTITUTIONAL AS APPLIED TO TAYLOR

Taylor argues that "even if [he] does qualify as a Career Offender, that Guideline is unconstitutional as applied to [him]." (June 25, 2012 Def. Sent. Br. at 1-2) Taylor contends that application of the career offender provision deprives him of equal protection under the law, due process, his Sixth Amendment right to trial by jury, his Fifth Amendment right against double jeopardy, and his Eighth Amendment right not to be subjected to cruel and unusual punishment. (Id. at 2) Taylor acknowledges that that these constitutional challenges to the career offender provision "have been uniformly rejected." (Id. at 13) For the reasons set forth below, this Court concludes that application of the career offender provision to Taylor does not deprive him of any constitutional right.

---

[6] See Leano v. United States, No. 07-1678, 2010 WL 3516221, at *7 (E.D.N.Y. Aug. 31, 2010) (noting that rap sheet corroborated accuracy of certificate of disposition).
[7] In making this finding, the Court has not relied upon the PSR's description of the conduct underlying Taylor's December 13, 2007 conviction. See Reyes, 691 F.3d at 459 (holding that "a sentencing court may not rely on a PSR's description of a defendant's pre-arrest conduct that resulted in a prior conviction to determine that the prior offense constitutes a [predicate offense] under U.S.S.G. § 4B1.2(a)(1)").

## A. Equal Protection

Taylor argues that the career offender provision "discriminate[s] against him on the basis of race, and therefore den[ies] him Equal Protection of the law as incorporated within the Due Process Clause of the Fifth Amendment." (June 25, 2012 Def. Sent. Br. at 13-14) Taylor contends that application of the career offender provision has had a disproportionate impact on African-American defendants, as evidenced by the U.S. Sentencing Commission's Fifteen Year Report, which states that "'[a]lthough Black offenders constituted just 26 percent of the offenders sentenced under the guidelines in 2000, they were 58 percent of the offenders subject to the severe penalties required by the career offender guideline.'"[8] (Id. at 17 (quoting U.S. Sentencing Commission, Fifteen Year Report 133-34 (2004))) Taylor goes on to argue that this disparate impact is the result of racial animus. (Id. at 17-20) He contends that discriminatory intent is apparent in the career offender provision's alleged narrow focus on low-level drug traffickers, as opposed to white collar defendants, and that this focus cannot be justified by any recidivism issues. (Id. at 18-20) Finally, Taylor argues that "the class of minority instant offenders with two prior low-weight, non-violent qualifying felony convictions constitutes a 'discrete and insular minorit[y]'" deserving of "a more 'searching judicial inquiry.'" (Id. at 20 (quoting United States v. Carolene Products Co., 304 U.S. 144, 152 n.4 (1938))

Taylor's equal protection argument is unavailing. "To sustain a federal sentencing statute against a due process or equal protection challenge, courts need only find that

---

[8] Taylor also cites the Fifteen Year Report and United States v. Bannister, 786 F. Supp. 2d 617 (E.D.N.Y. 2011), for certain statistics concerning incarceration and sentencing rates for African-Americans. (June 25, 2012 Def. Sent. Br. at 14-16) It is impossible to draw conclusions about the impact of the career offender provision from such general data. Moreover, despite Bannister's lengthy discussion of alleged racial disparities in sentencing, the Bannister court ultimately concluded that "there is no significant basis for a finding of unconstitutionality that has not already been reviewed and rejected by the Court of Appeals for the Second Circuit." 786 F. Supp. 2d at 668.

'Congress had a rational basis for its choice of penalties.'" United States v. Proyect, 989 F.2d 84, 88-89 (2d Cir. 1993) (quoting Chapman v. United States, 500 U.S. 453, 465 (1991); see also United States v. Coleman, 166 F.3d 428, 431 (2d Cir. 1999) ("Penal distinctions based on differences in voluntary conduct thus cannot be arbitrary, but this caveat subjects them only to rational-basis scrutiny. . . .").

Every Circuit that has considered the issue has concluded that the career offender provision passes the rational basis test. See, e.g., United States v. Moore, 481 F.3d 1113, 1114-15 (8th Cir. 2007) (rejecting defendant's argument that his sentence was "unreasonable on account of the disparate impact of the career-offender provision on black defendants"); United States v. Baker, 953 F.2d 639, 1992 WL 14593, at *2 (4th Cir. 1992) (unpublished table disposition) ("There is no question that [the career offender] scheme passes the rational basis test."); United States v. Hayden, 898 F.2d 966, 967 (5th Cir. 1990) (per curiam) ("The imposition of greater punishment based on the nature of the crime and the recidivist nature of the perpetrator is recognized as a legitimate sentencing principle.").

In sum, the career offender provision "implements a Congressional directive that career offenders be sentenced at or near the statutory maximum." United States v. Rogers, 972 F.2d 489, 494 (2d Cir. 1992). There is no evidence that this provision is the product of discriminatory animus.

### B. Due Process

Taylor also contends that the career offender provision violates his right to due process "because the government was not required to prove the validity of his two qualifying convictions beyond a reasonable doubt." (June 25, 2012 Def. Sent. Br. 2, 20-21) Every Circuit that has considered this argument has rejected it. See, e.g., United States v. Torres, 295 F. App'x

461, 463 (2d Cir. 2008) ("Due process does not require additional notice or a heightened level of proof [of predicate offenses] where, as here, the sentence fell within the statutory range."); United States v. Herring, 339 F. App'x 355, 356 (4th Cir. 2009) (per curiam) ("'[T]he Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.'") (quoting United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005)); United States v. Knox, 573 F.3d 441, 453 (7th Cir. 2009) ("We have repeatedly held that the Sixth Amendment does not require that prior convictions supporting a career offender classification be found by a jury beyond a reasonable doubt."); United States v. Matthews, 498 F.3d 25, 36 (1st Cir. 2007) ("Appellant's argument that the government must prove to a jury beyond a reasonable doubt the fact of a conviction that is used as a sentencing predicate has now been rejected repeatedly by this court . . . and no more need be said on that issue.") (internal citations omitted); United States v. Piper, 35 F.3d 611, 620 (1st Cir. 1994) (noting and agreeing with "the prevailing view . . . that the career offender guideline does not violate the Due Process Clause") (listing cases).

Taylor further argues that the career offender provision deprives him of due process "by impermissibly punishing him based on his status rather than his conduct." (June 25, 2012 Def. Sent. Br. at 2) Because Taylor offers no argument in support of this claim, the Court can only surmise that he intended to argue that the career offender provision is unconstitutional under the Eighth Amendment, which prohibits the criminalization of a person's status as opposed to deliberate conduct. See Robinson v. California, 370 U.S. 660 (1962); June 25, 2012 Def. Sent. Br. at 21-22) Although the Second Circuit has not considered this argument, at least one other circuit court has rejected it, holding that the career offender provision "is an ordinary

enhancement provision, which does not increase the statutory maximum for the crime for which the defendant was convicted, but merely requires the judge to sentence him nearer to this maximum penalty." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).

To the extent Taylor argues that the career offender provision deprives him of a due process right to an individualized sentence, the Second Circuit has rejected this line of reasoning. See United States v. Huerta, 878 F.2d 89, 94 (2d Cir. 1989) ("[T]here is no right to individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion so long as such constraints have a rational basis." (citations omitted)).

### C. The Career Offender Provision is Not Otherwise Unconstitutional

Taylor's remaining constitutional challenges are equally untenable.

Taylor argues that the career offender provision "denies [him] his Sixth Amendment right to a jury trial because the validity of his two prior qualifying convictions will be determined by the Court, and not a jury." (June 25, 2012 Def. Sent. Br. at 2, 21) The Second Circuit has rejected this argument. United States v. Snype, 441 F.3d 119, 148 (2d Cir. 2006) (noting that "where a statute provides for an enhanced penalty based on a defendant's prior convictions, the fact of those convictions is a sentencing factor to be determined by the court rather than a jury") (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Almendarez-Torrez v. United States, 523 U.S. 224, 239-47 (1998)); see also Torres, 295 F. App'x at 463 ("Regarding defendant's Sixth Amendment claim, the District Court's consideration of prior convictions in imposing a recidivism enhancement did not violate defendant's right to trial by jury.").

Taylor next contends that the career offender provision "constitutes Cruel and Unusual Punishment proscribed by the Eighth Amendment." (June 25, 2012 Def. Sent. Br. at 2, 21-22). Courts have consistently rejected Eighth Amendment challenges to application of the career offender provision. See, e.g., Piper, 35 F.3d at 620 ("[The defendant] fails to indicate any factor that meaningfully distinguishes his sentence as a career offender from other sentences found by other courts to be in complete conformity with the strictures of the Eighth Amendment."); United States v. Spencer, 25 F.3d 1105, 1111 (D.D.C. 1994) (holding that 30-year sentence for career offender convicted of possession of less than eight grams of narcotics did not constitute cruel and unusual punishment); United States v. Garcia, 20 F.3d 670, 674 (6th Cir. 1994) (holding that 262-month sentence for career offender convicted of possession of cocaine was not cruel and unusual punishment).

Finally, Taylor argues that application of the career offender provision "constitutes Double Jeopardy in violation of the Fifth Amendment" by (1) "impos[ing] additional punishment for Mr. Taylor's prior offenses, for which he has already been penalized" and (2) "double-counting" these prior convictions as part of both his criminal history and offense level. (June 25, 2012 Def. Sent. Br. 2, 22-23). Courts in other circuits have uniformly rejected the first prong of this argument. See, e.g., United States v. Andrews, 447 F.3d 806, 810 (10th Cir. 2006) ("The Supreme Court has consistently rejected double jeopardy challenges to recidivism statutes, stating that 'the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" (quoting Witte v. United States, 515 U.S. 389, 400 (1995))); United States v. Thomas, 930 F.2d 12, 14 (8th Cir. 1991) (holding that career offender provision "does not violate the double

jeopardy clause because a defendant is only being punished for one crime with the sentence being affected by the defendant's prior criminal history"). The Second Circuit has explicitly rejected the second prong. See United States v. Gibson, 135 F.3d 257, 261 (2d Cir. 1998) (holding that the career offender provision does not improperly lead to double counting of prior convictions because there is "no doubt" that Congress designed § 4B1.1 "to enhance a career offender's sentence under both criteria").

## CONCLUSION

For the reasons stated above, Taylor is a career offender for purposes of U.S.S.G. § 4B1.1, and application of the career offender provision to Taylor does not deprive him of a constitutional right.

Dated: New York, New York
November 28, 2012

SO ORDERED.

_Paul R. Gardephe_
Paul G. Gardephe
United States District Judge